IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

**VERNAL D. WASHINGTON, JR.,**

    **Plaintiff,**

vs.                                                     **CIVIL ACTION NO. 5:21-CV-00331**

**THE CITY OF BECKLEY, WEST VIRGINIA,**

    **Defendant.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before this Court is Plaintiff's Application to Proceed Without Prepayment of Fees and Costs, filed on June 9, 2021. (ECF No. 1) By Standing Order, this matter was referred to the undersigned for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 4) Having examined the "Complaint"[1] (ECF No. 2), the undersigned concludes that this case must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) which provides that the Court shall dismiss the case of a person proceeding in forma pauperis at any time if the Court determines that the action fails to state a claim for which relief can be granted.[2]

## FACTUAL ALLEGATIONS

Plaintiff alleges that Defendant, the City of Beckley, was negligent in handling the murder of his mother, Sylvia Jean Washington, which occurred on April 17, 2014; due to "investigators and police" failing to secure the premises, they allowed individuals to enter the property, damage

---

[1] While Plaintiff styles his "letter" as a Complaint, he indicates this is an "offer to cure and settle this matter outside of court to avoid a lawsuit."

[2] Because Plaintiff is proceeding *pro se*, the documents he filed in this case are held to a less stringent standard than had they been prepared by a lawyer, therefore, they are construed liberally. See Haines v. Kerner, 404 U.S. 519, 520-521 (1972).

1

or tamper the evidence, and compromised the investigation. (ECF No. 2) Plaintiff alleges that as a result, "justice has not been served." (Id.) Plaintiff asks for one million dollars in relief. (Id.)

## THE STANDARD

Because Plaintiff applied to proceed without prepayment of the Court's filing fees and costs, his Complaint is subject to pre-service screening pursuant to 28 U.S.C. § 1915A. See Johnson v. Hill, 965 F.Supp. 1487 (E.D. Va. Jun. 10, 1997); see also Randolph v. Baltimore City States Atty., 2014 WL 5293708, at *2 (D. Md. Oct. 14, 2014), *aff'd*, Randolph v. New Technology, 588 Fed. App'x. 219 (4th Cir. 2014). On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25 (1992). A *pro se* Complaint may therefore be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Haines v. Kerner, 404 U.S. 519, 521 (1972), *quoting* Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Where a *pro se* Complaint can be remedied by an amendment, however, the District Court may not dismiss the Complaint, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992).

Though this Court is required to liberally construe *pro se* documents and hold them to a less stringent standard than those drafted by attorneys[3], liberal construction "does not require courts to construct arguments or theories for a *pro se* plaintiff because this would place a court in the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Miller v. Jack, 2007 WL 2050409, at *3 (N.D.W.Va. 2007) (citing Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978)). Further, liberal construction does not require the

---

[3] Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); Loe v. Armistead, 582 F.2d 1291, 1295 (1978).

2

"courts to conjure up questions never squarely presented to them." <u>Beaudett v. City of Hampton</u>, 775 F.2d 1274, 1278 (4th Cir. 1985). In other words, a court may not construct legal argument for a plaintiff. <u>Small v. Endicott</u>, 998 F.2d 411 (7th Cir.1993). Finally, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a claim currently cognizable in a federal district court. <u>Weller v. Department of Social Servs.</u>, 901 F.2d 387 (4th Cir.1990)).

## ANALYSIS

Federal Courts are courts of limited jurisdiction that are empowered to consider cases authorized by Article III of the United States Constitution and statutes enacted by Congress. <u>Bender v. Williamsport Area School District</u>, 475 U.S. 534, 541, 106 S.Ct. 1326, 1331, 89 L.Ed.2d 501 (1986). Title 28 U.S.C. §§ 1331 and 1332 provide that the Federal Courts have jurisdiction over cases involving federal questions and diversity of citizenship. Title 28 U.S.C. § 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Title 28 U.S.C. § 1332 provides that the District Courts shall have original jurisdiction of all civil actions where the matter in controversy (1) exceeds the sum or value of $75,000, exclusive of interests or costs, and (2) is between citizens of different states. 28 U.S.C. § 1332(a)(1).[4]

---

[4] Title 28, U.S.C. §1332 specifically provides:

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between -

   (1) citizens of different states;

   (2) citizens of a State and citizens or subjects of a foreign state;

   (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and

   (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

3

Plaintiff alleges no specific basis for this Court's jurisdiction, however, he gives a Georgia address as his residence and the prayer for $1 million clearly exceeds the sum of $75,000. Accordingly, the undersigned construes Plaintiff's action as one based on diversity pursuant to Section 1332. See Owen Equip., & Erection Co. v. Kroger, 437 U.S. 365, 373, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978) (diversity jurisdiction does not exist unless each defendant is a citizen of a different State from each plaintiff."); see also, Wisconsin Dept. Of Corrections v. Schacht, 524 U.S. 381, 388, 118 S.Ct. 2047, 2052, 141 L.Ed.2d 364 (1998) ("A case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, i.e., only if there is no plaintiff and no defendant who are citizens of the same State."). "The statute establishing diversity jurisdiction is to be strictly construed and all doubts are to be resolved against federal jurisdiction." Frontier Energy Corp. v. Broda, 882 F. Supp. 82, 85 (N.D.W. Va. 1995). For purposes of diversity jurisdiction, an individual's citizenship has been equated to the place of domicile. See Linville v. Price, 572 F. Supp. 345 (S.D.W. Va. 1983).

Regardless, Plaintiff's claims are time-barred:

A federal court sitting in diversity must apply the "substantive" law of its forum state. Gasperini v. Ctr. For Humanities, 518 U.S. 415, 426-427, 116 S.Ct. 2211, 2219-2220, 135 L.Ed.2d 659 (1996) (citing and quoting Erie R.R. Co. v. Tompkins, 304 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1938)). A state's statute of limitations for a state-law claim is substantive law. Walker v. Armco Steel Corp., 446 U.S. 740, 745, 100 S.Ct. 1978, 1982, 64 L.Ed.2d 659 (1980); Guaranty Trust Co. v. York, 326 U.S. 99, 110-111, 65 S.Ct. 1464, 1470, 89 L.Ed. 2079 (1945). Under West Virginia law, the applicable period of limitation upon a plaintiff's right to file a personal injury is two-years from the time the cause of action accrued. See W.Va. Code § 55-2-12(b).[3]

---

[3] West Virginia Code § 55-2-12 provides as follows:

Although the limitation period is borrowed from State law, the question of when a cause of action accrues is answered according to federal law. See Brooks v. City of Winston-Salem, NC, 85 F.3d 178, 181 (4th Cir. 1996). Under federal law, a cause of action accrues "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." Nasim v. Warden, MD House of Corr., 64 F.3d 951, 955 (4th Cir. 1995) (*en banc*), cert. denied, 516 U.S. 1177, 116 S.Ct. 1273, 134 L.Ed.2d 219 (1996) (citing United States v. Kubrick, 444 U.S. 111, 122-24, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979)). "Accrual of a claim does not 'await awareness by the plaintiff that his injury was negligently inflicted.' " Nasim, 64 F.3d at 955 (quoting Childers Oil Co., Inc. v. Exxon Corp., 960 F.2d 1265, 1272 (4th Cir. 1992)).

Thus, it is clear Plaintiff's negligence claims accrued when he possessed sufficient facts about the harm done to him that reasonable inquiry would have revealed his cause of action, or two years from the alleged murder investigation, in 2016. Nasim, 64 F.3d at 955. Given that Plaintiff did not file this civil action until June 9, 2021, more than seven years after the alleged harm, and more than five years after the expiration of the two-year statute of limitations, Plaintiff's Complaint as it pertains to these claims should be dismissed with prejudice.[5] Plaintiff's Complaint is not salvageable even if permitted to amend in the spirit of Denton v. Hernandez, *supra*.

---

Every personal action for which no limitation is otherwise prescribed shall be brought: (a) Within two years next after the right to bring the same shall have accrued, if it be for damage to property; (b) within two years next after the right to bring the same shall have accrued if it be for damages for personal injuries; and (c) within one year next after the right to bring the same shall have accrued if it be for any other matter of such nature that, in case a party die, it could not have been brought at common law by or against his personal representative.

[5] To the extent that the criminal investigation into Plaintiff's mother's murder is ongoing, this Court should abstain from exercising subject matter jurisdiction over Plaintiff's claims based upon the Younger-abstention doctrine. See Younger v. Harris, 401 U.S. 37 (1971). "Under the Younger-abstention doctrine, interest of comity and federalism counsel federal courts to abstain from jurisdiction whenever federal claims have been or could be presented in ongoing state judicial proceedings that concern important state interests." Hawaii Housing Auth. v. Midkiff, 467 U.S. 229, 237-238 (1984).

As an additional matter, while individuals have a statutory right pursuant to 28 U.S.C. § 1654[6] to prosecute their own cases *pro se* in federal courts, "[t]he right to litigate for *oneself*, however, does not create a coordinate right to litigate for *others*." Myers, 418 F.3d at 400 (emphasis in original) (holding that generally a parent may not proceed *pro se* on behalf of his or her child); see also Osborne v. Bank of the United States, 22 U.S. 738, 6 L.Ed. 204 (1824) (A corporation can appear only by an attorney, while a natural person may appear for himself.) The Fourth Circuit has explained that "we consider the competence of a layman representing himself to be clearly too limited to allow him to risk the rights of others." Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) (finding that an individual may not proceed *pro se* on behalf of a class of plaintiffs); see also Guest v. Hansen, 603 F.3d 15, 20 (2nd Cir. 2010) ("The law contains so many esoteric pitfalls for an untrained advocate . . . that the risk of inadvertent waiver or abandonment of an issue is too high for us to allow a *pro se* litigant to represent another person.").

In the instant case, Plaintiff, acting *pro se*, has alleged he is "seeking monetary relief for my family" (ECF No. 2). Thus, in addition to the clear expiration of the applicable statute of limitations described *supra*, Plaintiff cannot proceed on behalf of his family in this case.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Plaintiff's Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1), **DISMISS** Plaintiff's Complaint (ECF No. 2) with prejudice and remove this matter from the Court's docket.

---

[6] 28 U.S.C. § 1654("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."); see also Faretta v. California, 422 U.S. 806, 825, 834, 95 S.Ct. 2525, 2536-41, 45 L.Ed.2d 562 (1975)(Stating that Section 1654 "guarantee[s] a choice between representation by counsel and the traditional practice of self-representation."); Myers v. Loudoun County Public Schools, 418 F.3d 395, 400 (4th Cir. 2005)("An individual unquestionably has the right to litigate his own claims in federal court . . . .)

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Frank W. Volk, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (mailing/service) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 106 S.Ct. 466, 475, 88 L.E.2d 435 (1985), reh'g denied, 474 U.S. 1111, 106 S.Ct. 899, 88 L.E.2d 933 (1986); Wright v. Collins, 766 F.2d 841 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.), cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.E.2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Volk, and this Magistrate Judge.

The Clerk of this Court is directed to file this Proposed Findings and Recommendation and to send a copy of same to the *pro se* Plaintiff and to counsel of record.

ENTER: June 25, 2021.



Omar J. Aboulhosn
United States Magistrate Judge