UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

VERNAL D. WASHINGTON, JR.,

    Plaintiff,

v.                                            CIVIL ACTION NO. 5:21-cv-00331

THE CITY OF BECKLEY,
WEST VIRGINIA,

    Defendant.

## MEMORANDUM OPINION AND ORDER

Pending is a Complaint filed by Plaintiff Vernal D. Washington, Jr., on June 9, 2021. [Doc. 2]. Also pending is an Application to Proceed Without Prepayment of Fees and Costs. [Doc. 1]. This action was previously referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R"). Magistrate Judge Aboulhosn filed the PF&R on June 25, 2021. [Doc. 6]. Magistrate Judge Aboulhosn recommended that the Court deny the Application to Proceed Without Prepayment of Fees and Costs [Doc. 1], dismiss Plaintiff's Complaint with prejudice, and remove this matter from the Court's docket. Mr. Washington timely objected to the PF&R on July 6, 2021. [Doc. 7].

**I.**

The Court is required "to make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to

which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations *to which objection is made*." (emphasis added)). Further, the Court need not conduct de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

## II.

Mr. Washington's Complaint contends the City of Beckley was negligent in conducting the investigation into the murder of his mother, Sylvia Washington, on April 17, 2014. Mr. Washington alleges the City failed to secure the premises, allowed unauthorized individuals to enter the crime scene, damaged and tampered with evidence, and otherwise compromised the investigation. [Doc. 2]. Magistrate Judge Aboulhosn concluded Mr. Washington's Complaint was time-barred because he did not bring this action within two years from the time the cause of action accrued.[1] [Doc. 6 at 4]. In his objection to the PF&R, Mr. Washington contends he was unaware of the City's negligence during the initial investigation, only recently learning of the negligence when inquiring about the status of the suspect's charges. [Doc. 7 at 1].

Mr. Washington is proceeding *pro se*, and the Court must construe Mr. Washington's filings to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Kerr v. Marshall Univ. Bd. of Governors*, 824 F.3d 62, 72 (4th Cir. 2016). The Court must "read the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'" *Martin v. Duffy*, 977 F.3d 294, 298 (4th Cir. 2020)

---

[1] West Virginia Code § 55-2-12 (providing the statute of limitations for personal injury claims is two years after the right to bring suit accrues).

(quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

Mr. Washington asserts the investigation into his mother's death occurred on April 17, 2014, but he did not learn of the City's negligence until 2021, seven years later. The only explanation he provides for this delay is his conversations with a detective and the Raleigh County prosecuting attorney in May and June of 2021, regarding the status of the suspect's charges in the murder investigation. [Doc. 7 at 1]. Mr. Washington does not recount the contents of these conversations in his objection, only that because of these conversations, "it was made noticeably clear that the case had been compromised from the very beginning." [Doc. 7 at 1].

Assuming, *arguendo*, the suspect was not apprehended for years after Sylvia Washington's death, the initial investigation of the crime scene -- the investigation which Mr. Washington asserts was handled negligently -- occurred seven years ago. Regardless of the length of time it has taken to apprehend and prosecute the suspect in Sylvia Washington's case, the reports from the investigation -- which could provide a basis for Mr. Washington's claims -- have been in existence for seven years. As such, Mr. Washington's negligence claims accrued seven years ago, and his Complaint was filed five years too late.

The Court thus **OVERRULES** Mr. Washington's objections relating to the statute of limitations.

### III.

Mr. Washington's Complaint seeks "monetary relief for [his] family." [Doc. 2 at 1]. He alleges that "[t]he pain that [his] family has incurred is unimaginable," and that "because of the negligence of the city of Beckley [his] family should be entitled to receive [monetary relief.]" [*Id.*]. Magistrate Judge Aboulhosn noted Mr. Washington, acting *pro se*, cannot proceed in this

action on behalf of his family. [Doc. 6 at 6]. Mr. Washington asserts he is pursuing this action on his own behalf, not his family's. [Doc. 7 at 1].

A *pro se* litigant may represent her own interests in federal court, however, "[t]he right to litigate for *oneself*, . . . does not create a coordinate right to litigate for *others*." *Myers v. Loudoun Cnty. Pub. Sch.*, 418 F.3d 395, 400 (4th Cir. 2005) ("[N]on-attorney parents generally may not litigate the claims of their minor children in federal court."); *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) ("[W]e consider the competence of a layman representing himself to be clearly too limited to allow him to risk the rights of others.").

Insofar as Mr. Washington's Complaint seeks relief on behalf of his family, Mr. Washington is barred from pursing those claims as he is not an attorney. To the extent Mr. Washington objects to this portion of the PF&R, the objection is **OVERRULED.**

### IV.

For the foregoing reasons, the Court **OVERRULES** Mr. Washington's objections [**Doc. 7**], **ADOPTS** the Magistrate Judge's PF&R [**Doc. 6**], **DENIES** the Application to Proceed Without Prepayment of Fees [**Doc. 1**], **DISMISSES** the Complaint [**Doc. 2**], and **DISMISSES** the matter.

The Court directs the Clerk to transmit a copy of this written opinion and order to any counsel of record and any unrepresented party herein.

ENTER: October 25, 2021



Frank W. Volk
United States District Judge